# EXHIBIT 1

**Judiciary eCourts System - Civil Part**

| CASE JACKET | | User:COLIN OBRIEN |
|---|---|---|

## Docket Number:  CAM L 004011 - 25

Back | | Create Summary Report |

**Case Caption:** Doe Jane Vs Devereux Advanced Be Havioral

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Camden | **Case Initiation Date:** 12/01/2025 |
| **Case Type:** Sex Abuse Juv Dtn Fac Op State Of Nj | **Case Status:** Active | **Jury Demand:** 12 Jurors |
| **Case Track:** 4 | **Judge:** Donald J Stein | **Team:** 203 |
| **# of Discovery Days:** 450 | **Age of Case:** 0 YR 01 MO 04 DY | **Consolidated Case:** N |
| **Original Discovery End Date:** 02/24/2027 | **Current Discovery End Date:** 02/24/2027 | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

| Plaintiffs (1) | Defendants (6) | ACMS Documents (5) | Fees (5) |
|---|---|---|---|

| Jane Doe    (Party No. 1) |
|---|

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 12/01/2025 | 📎 ✉ | Complaint with Jury Demand for CAM-L-004011-25 submitted by BENDESKY, LARRY ERIC, SALTZ MONGELUZZI ET AL. on behalf of JANE DOE against DEVEREUX ADVANCED BEHAVIORAL, DEVEREUX ADVANCED BEHAVIORAL, THE DEVEREUX FOUNDATION, DEVEREUX-DEERHAVEN, DOE DEFENDANTS (1-3) ET AL. | LCV20253315949 | 12/01/2025 |
| 12/01/2025 | 📎 ✉ | NOTICE OF APPEARANCE (NOT THE FIRST PAPER) submitted by HAAZ, SAMUEL, A of SALTZ MONGELUZZI ET AL. on behalf of JANE DOE against DEVEREUX ADVANCED BEHAVIORAL HEALTH, DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW JERSEY, THE DEVEREUX FOUNDATION, DEVEREUX-DEERHAVEN, DOE DEFENDANTS (1-3) ET AL. | LCV20253319326 | 12/01/2025 |
| 12/02/2025 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20253322393 | 12/02/2025 |
| 12/11/2025 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by HAAZ, SAMUEL, A of SALTZ MONGELUZZI ET AL. on behalf of JANE DOE against DEVEREUX ADVANCED BEHAVIORAL HEALTH | LCV20253480156 | 12/11/2025 |
| 12/11/2025 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by HAAZ, SAMUEL, A of SALTZ MONGELUZZI ET AL. on behalf of JANE DOE against THE DEVEREUX FOUNDATION | LCV20253480173 | 12/11/2025 |
| 12/22/2025 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by HAAZ, SAMUEL, A of SALTZ MONGELUZZI ET AL. on behalf of JANE DOE against DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW JERSEY | LCV20253561636 | 12/22/2025 |

Showing 1 to 6 of 6 entries

**SALTZ MONGELUZZI & BENDESKY P.C**.
LARRY BENDESKY
ROBERT ZIMMERMAN
SAMUEL HAAZ                                          ATTORNEYS FOR PLAINTIFF
ATTORNEY ID:  010511990 / 003952010 / 474032025
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
(856) 751-8383

| | |
|---|---|
| **JANE DOE S.P., an individual using a pseudonym** ████████████ ███ v. **DEVEREUX ADVANCED BEHAVIORAL HEALTH** 444 Devereux Drive Villanova, PA 19085 *And* **DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW JERSEY** 286 Mantua Grove Road, Bldg. 4 West Deptford, NJ 08066 *And* **THE DEVEREUX FOUNDATION** 1515 Burnt Mill Rd, Cherry Hill, NJ 08003 *And* **DEVEREUX-DEERHAVEN** 230 Pottersville Road, Chester, New Jersey 07930 *And* **DOE DEFENDANTS (1-3)** *And* **DOE INSTITUTION DEFENDANTS (1-3)** | **SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY LAW DIVISION** **NO.** **CIVIL ACTION** **COMPLAINT AND JURY TRIAL DEMANDED** |

Plaintiff, Jane Doe S.P., an individual using a pseudonym, by way of Complaint against Defendants, says:

## **COMPLAINT**

1.      Plaintiff, Jane Doe S.P. is an adult individual who is a citizen and resident of Florida, and currently resides at ▮▮▮▮▮▮▮▮▮.

2.      As a minor, Jane Doe S.P. was the victim of horrific child sexual abuse at the facilities owned, managed, and controlled by defendants described more fully herein.

3.      Plaintiff, Jane Doe S.P. is an individual using a pseudonym or fictitious name as permitted pursuant to N.J.S.A. § 2A:61B-1.

4.      The statute of limitations for child victims of sexual abuse in New Jersey is governed by the Child Victims Act (CVA).

5.      Under N.J.S.A. 2A:14-2a(a)(1), the CVA allows minor victims of sexual abuse to file civil claims within 37 years after reaching the age of majority (18 years old).

6.      Plaintiff Jane Doe S.P. was under the age of 18 when she was sexually abused while under the care and supervision of Defendants.

7.      Plaintiff Jane Doe S.P.'s date of birth is ▮▮▮▮▮▮▮▮.

8.      Defendant, Devereux Advanced Behavioral Health, is a Pennsylvania corporation and/or business entity with a principal place of business located at 444 Devereux Drive, Villanova, Pennsylvania 19085.

9.      Defendant, Devereux Advanced Behavioral Health New Jersey, is a New Jersey corporation and/or business entity with a principal place of business located at 286 Mantua Grove Road, Building 4, West Deptford, New Jersey 08066.

10.     Defendant, The Devereux Foundation, is a New Jersey corporation and/or business entity with a principal place of business located at 1515 Burnt Mill Rd, Cherry Hill, NJ 08003

11.     Defendant, Devereux Deerhaven School for Troubled Girls ("Devereux Deerhaven" hereafter), is a New Jersey corporation and/or business entity with a principal place of business 230 Pottersville Road, Chester, New Jersey 07930, prior to closing in or around 2000.

12.     For the purposes of this Complaint, Defendants, Devereux Advanced Behavioral Health, Devereux Advanced Behavioral Health New Jersey, The Devereux Foundation, and Devereux Deerhaven shall be collectively referred to as "Devereux Defendants."

13.     At all times material hereto, Devereux Defendants purposely established significant contacts in New Jersey, have carried out and continue to carry out substantial, continuous and systemic business activities in Camden County and regularly conduct business in Camden County, through the operation and ownership of the Devereaux Foundation in Cherry Hill, NJ.

14.     Devereaux owns, operates, administers and provides behavioral health services at multiple facilities and/or locations within Camden County.

15.     Devereaux Defendants' Cherry Hill facility and/or program, located in Camden County, provides administrative services and support for Devereaux Defendants' New Jersey business operations. *See* https://www.devereux.org/site/SPageServer/?pagename=nj_about_ locations (last visited on Nov. 25, 2025).

16.     Devereaux Defendants' Godshalk facility and/or program, located in Camden County, provides residential services and support for Devereaux's New Jersey business operations. *Id.*

17.     At all times material hereto, Devereux Defendants owned, operated, contracted, managed, possessed, maintained and/or controlled the property and business located at 230 Pottersville Road, Chester, New Jersey.

18.     At all times material hereto, Devereux Defendants was acting by and through its actual, ostensible, and/or apparent agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Devereux.

19.     Defendants, Doe Defendants (1-3) and Does Institution Defendants (1-3), are fictitious names for entities that owned, operated, contracted, managed, possessed, maintained and/or controlled Devereux.

20.     Individual defendants in the above caption case identified as  Doe Defendants 1-3 were, at all relevant times, employees and/or agents of the Devereaux Defendants, involved in the operation of Devereaux Deerhaven and the hiring, admitting, assigning, retaining, and supervising of personnel there, including resident counselors such as Eric Leite. The identification of these individuals is not known by the plaintiff at this time in the absence of discovery. Plaintiff reserves the right to substitute the name(s) for those agents designated as Doe Defendants when and if such information becomes available.

21.     Institutional/corporate defendants in the above caption case identified as Doe Institution Defendants 1-3 were, at all relevant times, incorporated and/or established associations, corporations, institutions, entities, schools, facilities, or other establishments that employed, hired, certified, assigned, retained, supervised, managed, oversaw, directed, administrated, and/or otherwise controlled one or more of the Devereaux Defendants at or during all relevant times. These Defendant Institutions were/are vicariously and derivatively liable for the negligent conduct

of the aforementioned defendants under the theories of respondeat superior, master-servant, agency, and/or right of control.

22.     At all times material hereto, Doe Defendants and Doe Institution Defendants purposely established significant contacts in New Jersey, have carried out and continue to carry out substantial, continuous and systemic business activities in Camden County and regularly conducts business in Camden County.

23.     At all times material hereto, Doe Defendants and Doe Institution Defendants were acting by and through their respective agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Doe Defendants and/or Doe Institution Defendants

## **FACTUAL BACKGROUND**

24.     This is a civil action seeking money damages, inclusive of punitive damages, against Devereux and its agents, representatives, and employees for the willful, reckless, grossly negligent, and negligent acts and omissions that caused children entrusted to Devereux, including Jane Doe S.P., to suffer life-altering harm.

25.     Devereux is one of the largest behavioral healthcare organizations in the country and provides services to children, adults, and individuals with autism and intellectual , behavioral, and developmental disabilities.

26.     Devereaux Defendants operated, owned, funded, managed, and/or maintained residential behavior health facilities throughout New Jersey, for children, and adults.

27.     In or around 1983, Devereux Defendants opened and operated the Devereaux Deerhaven facility purporting to be a residential treatment center for young girls, aged seven to twenty-one, many of whom were under "emotional distress", had "been traumatized" were

"victims of sexual abuse", and/or were previously placed "in psychiatric hospitals". *See* Gardner, Christine, ON THE MAP; Restoring an Estate, and the Lives of the Girls Treated There, THE NEW YORK TIMES, Jan. 25. 1998, https://www.nytimes.com/1998/01/25/nyregion/on-the-map-restoring-an-estate-and-the-lives-of-the-girls-treated.html.

28.     The purported and represented goal of Devereux Deerhaven and Devereux was to create an environment for the young girls to "feel safe to trust, let down their defenses and start to heal. So anything we can do to help them feel safe, we do… [so that they can] become stable and heal so they can return to less restrictive environments." *Id.*

29.     However, very early on, Devereux Defendants became aware of the many problems that directly affected the youth entrusted to it, many of whom were vulnerable and subject to being preyed upon by male staff, due to their vulnerabilities of low self-esteem, suicidal tendencies and desires for attention and affection.

30.     Despite at least a $4.9 million budget, most of which was state financed, as early as 1985, two years after it opened, Devereaux Defendants became aware that their Deerhaven facility failed to obtain, retain, and supervise competent, fit, adequate, and safe staff members, due largely to the low salaries that Devereux Defendants paid. *See* Gartner, Lisa and Laker, Barbara, Hope Help Harm, THE PHILADELPHIA INQUIRER, August 11, 2020, https://www.inquirer.com/news/inq/devereux-advanced-behavioral-health-abuse-children-pennsylvania-20200811.html ("'The problem is that the salaries that we are able to pay our staff are so inadequate,' the campus clinical director told the Daily Record in 1985. Devereux pressed forward...")

31.     Devereaux Defendant's failed to use reasonable care in their hiring, training, managing, and supervision of its resident counselors at Devereaux Deerhave by employing young

male staff members to oversee a vulnerable population of teenage girls with developmental, behavioral, social and substance abuse issues—leaving these young male resident counselors unfetter access to these girls without providing necessary oversight to safeguard these girls entrusted to Devereaux Defendants.

32.     Additionally, the architectural layout of the facility, and buildings within it, created secluded and unsupervised areas which further facilitated and enabled male resident counselors to perpetrate their sexual abuse of Devereaux Deerhaven's resident girls.

33.     The same type of misconduct that befell Jane Doe S.P., led to minor female residents entrusted to Devereux to repeatedly be subjected to horrific acts of sexual and physical abuse and neglect by staff. *Id.* ("In a letter to staff members, the Deerhaven director cited "'the age and architecture of the physical plant" and the "the ongoing challenges of staff shortages and critical incidents.'").

34.     After several meetings with leaders, executives, and/or decisionmakers at Devereux Defendants, New Jersey officials with the Division of Youth and Family Services closed Deerhaven's doors, saying, "It creates too much risk for abuse or neglect…The problem is with the buildings," a DYFS spokesperson said at the time. "There are too many places where kids can be out of supervision.'").

35.     In 1997, a staff member of Devereaux Defendants working at the Deerhaven facility was arrested (and ultimately convicted) for sexually molesting **nine** young girls at Devereaux Deerhaven. *Id.*

36.     In the same year, *another* staff member of Devereaux Defendants working at the Deerhaven facility was arrested (and ultimately convicted) for sexually assaulting **four** other young residents at Devereaux Deerhaven. *Id.*

37.     Despite these horrific tragedies, Devereux failed to uphold its duty to keep these children, like Jane Doe S.P., safe.

38.     In or around 1998, after Devereaux Defendants were on notice of the rampant abuse by young, male, resident counselors working at the Devereaux Deerhaven who were entrusted with the care and safety of teenage girls, Jane Doe S.P. was sexually abused by staff member Eric Letie at Devereux Deerhaven when she was approximately 15 years young.

39.     Through extensive grooming, Eric Leite gained Plaintiff's trust during her placement at Devereux.

40.     Leite groomed Plaintiff by portraying himself as a father-figure. He utilized displays of emotional support to Plaintiff to gain Plaintiff's trust. Leite told Plaintiff that he cared about her. Leite gave Plaintiff special privileges and gifts. Over the course of Plaintiff's placement, Plaintiff was lulled into feeling comfortable and safe around Leite.

41.     As a result of being extensively groomed, Plaintiff trusted Leite and disclosed personal information about herself to him

42.     Eventually, Leite also engage in flirtation, made inappropriate comments to Jane Doe S.P., and would spend time alone with Jane Doe S.P. on the grounds and buildings at Devereaux Deerhaven.

43.     Leite also engaged in sexual misconduct and abuse on the grounds, and in the buildings at Devereaux Deerhaven, by kissing and touching Jane Doe S.P. without her lawful consent.

44.     When Devereux permitted Jane Doe S.P. to temporarily leave the Devereux Deerhaven campus and go into town – as an unaccompanied minor – Leite met Jane Doe S.P. in

town and engaged in sexually explicit misconduct, including sexual intercourse with minor-Plaintiff and inappropriately kissing and touching her body.

45.     Once it began, the abuse continued throughout the remainder of the time Plaintiff was entrusted to Devereux.

46.     At all times relevant hereto, Leite and Devereaux Defendants were in a position of supervisory and disciplinary authority over Plaintiff.

47.     As a result of the abuse by the Leite and the negligence, carelessness, and recklessness of Devereux Defendants, Plaintiff was impregnated by Leite while a minor.

48.     Plaintiff had to endure not only the trauma of being abused by, and being impregnated by, her abuser, but also the life-long trauma of undergoing an abortion as a teenager.

49.     At no time could, nor did, Plaintiff Jane Doe S.P., consent to any of these horrendous acts that she suffered through.

50.     Tragically for Plaintiff, despite Devereaux Defendants notice of the sexually explicit acts of their employees, including the arrest and criminal convictions of resident counselors for the abuse of young girls at the same facility where Plaintiff resided, Devereaux Defendants utterly and continuously failed to taken necessary measures to keep children like Plaintiff safe from sexual abuse.

51.     In 2000, a third Devereux Defendant employee working at the Deerhaven facility was charged and convicted of sexually assaulting three young females.

52.     The sexual abuse by male resident counselors at Devereaux Deerhaven was rampant and ongoing until its eventual closure.

53.     Devereaux Defendants are aware of at least five resident counselors who have been alleged to have committed sexual abuse against female residents, or who have been criminally convicted of such abuse.

54.     Soon thereafter, in or about 2000, the Devereux Deerhaven facility was closed.

55.     Because it provided services to the most vulnerable segments of our population, Devereux Defendants (along with Doe Defendants 1-3 and Doe Institution Defendants 1-3, collectively "Defendants") had the utmost duty to properly evaluate, train, supervise and/or monitor their employees who were responsible for the safety of female residents, including Jane Doe S.P.

56.     This included: properly screening employees to ensure individuals of the highest moral character and exhibiting necessary self-control would be entrusted to interact with young female residents; adequately paying their employees sufficient wages to attract and retain suitable candidates; continuously monitoring male resident counselors to ensure that young female residents were never left alone with them; creating and enforcing policies and procedures to prevent male resident counselors from ever being alone with young female residents; and ensuring the facility at Devereaux Deerhaven and the buildings within it were designed, modified, and/or renovated to ensure the safety of the residents there.

57.     At all times material hereto, Defendants failed to provide a safe environment for Jane Doe S.P. by failing, *inter alia,* to adequately evaluate, train and/or monitor its employees, agents and/or servants at Devereux.

58.     At all times material hereto, Defendants were obligated to employ and/or retain competent, appropriately trained employees who would properly manage, supervise, and keep safe all residents at Devereux Deerhaven.

59.     Defendants had a duty and a responsibility to ensure that Devereux Deerhaven was safe for its residents and free from the danger of sexual abuse perpetrated by its employees and agents.

60.     Defendants had a duty to not create any dangerous and/or unsafe conditions at Devereux Deerhaven.

61.     Defendants were required to take affirmative steps to prevent any dangerous and/or unsafe conditions from developing at the Devereux Deerhaven.

62.     Defendants failed to properly evaluate their employees, agents and/or servants at Devereux Deerhaven.

63.     Defendants failed to properly monitor their employees, agents and/or servants at Devereux Deerhaven.

64.     Defendants failed to properly train their employees, agents and/or servants at Devereux Deerhaven.

65.     Defendants were required to hire competent and properly trained employees, agents and/or servants for the Devereux Deerhaven facility.

66.     Defendants had a duty to train their employees, agents and/or servants to ensure that they performed their jobs in an appropriate and/or safe manner.

67.     Defendants were required to train and monitor their employees, agents and/or servants at Devereux Deerhaven to ensure a safe environment for their residents, including Jane Doe S.P.

68.     Defendants did not provide a safe environment for Jane Doe S.P. by failing to adequately train and monitor their employees, agents and/or servants at the Devereux Deerhaven.

69.     Plaintiff neither caused nor contributed to the horrendous and continuous abuse she endured.

70.     As a direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendants, jointly and/or severally, Plaintiff, Jane Doe S.P. has in the past suffered and will in the future continue to suffer from significant emotional and psychological harm, the full extent of which are presently unknown but include: mental anguish, pain and embarrassment; loss of enjoyment of life and loss of life's pleasures; a significantly impaired ability to form and maintain healthy interpersonal relationships and establish trust with others,

71.     As a direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendants, jointly and/or severally, Plaintiff Jane Doe S.P. experienced emotional and psychological harm significantly impacting her ability to pursue educational and professional opportunities, maintain consistent employment, find a life partner, and enjoy a meaningful quality of life.

## COUNT I – NEGLIGENCE
### Plaintiff v. All Defendants

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

73.     At all times material hereto, Devereux Defendants along with Doe Defendants 1-3 and Doe Institution Defendants 1-3 (collectively, "Defendants") possessed, controlled and/or supervised Devereux Deerhaven and its employees, agents and/or servants working at the facility that Jane Doe S.P. was entrusted to.

74.     At all times material hereto, Defendants retained control over the manner of the work that its employees, agents and/or servants were performing in Devereux.

75.     At all times material hereto, Defendants owed a duty to those persons lawfully upon the property Devereaux Deerhaven, including Jane Doe S.P., to provide a reasonable safe environment, which was free from unreasonable hazards.

76.     At all times material hereto, Defendants were operating under an obligation to take every reasonable precaution to prevent people from being injured and/or harmed at Devereux Deerhaven, specifically its residents, like Jane Doe S.P.

77.     Defendants failed to enact and/or implement specific measures to prevent abuse of its residents at Devereux Deerhaven.

78.     Prior to Jane Doe S.P.'s abuse, Defendants knew or should have known of the existence of the dangerous conditions that caused Jane Doe S.P.'s injuries.

79.     Defendants had the responsibility to adopt, promulgate and/or enforce proper, adequate, necessary and/or appropriate standards, guidelines and/or procedures for the establishment, implementation and/or monitoring of residential safety at Devereux Deerhaven.

80.     The injuries, damages and losses suffered by Jane Doe S.P. were caused by the negligence, carelessness and/or recklessness of Defendants, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a.     failing to keep Jane Doe S.P. safe while she was entrusted to Defendants;

    b.     failing to abide by federal, state, and local laws, including, but not limited to laws pertaining to child welfare and safety;

    c.     failing to monitor and/or supervise its employees, servants and/or agents at Devereux Deerhaven;

    d.     failing to have adequate employee supervision at Devereux Deerhaven;

13

e.      failing to monitor and/or supervise Devereux Deerhaven for dangerous and/or hazardous persons or conditions;

f.      failing to provide Jane Doe S.P. a safe place to live;

g.      failing to provide special precautions which would have protected Jane Doe S.P. from the particular and unreasonable risk and/or risks of physical harm which Defendants recognized or should have recognized were likely to be created;

h.      failing to train and supervise workers, at Devereux Deerhaven;

i.      failing to hire competent employees to work at Devereux Deerhaven;

j.      breaching the applicable duties under the RESTATEMENT OF THE LAW OF TORTS (SECOND);

k.      failing to warn Jane Doe S.P. of the peculiar, dangerous and/or unsafe conditions existing upon the premises of Devereux Deerhaven;

l.      failing to adopt, enact, employ and/or enforce proper and/or adequate safety programs, precautions, procedures, measures and/or plans for Devereux Deerhaven;

m.      performing and/or furnishing residential treatment services in an unsafe, negligent and/or reckless manner;

n.      promulgating and/or adopting insufficient plans for the residential treatment services relating to Jane Doe S.P.'s safety;

o.      exposing Jane Doe S.P., a business invitee, to unreasonable danger;

p.      failing to provide adequate supervision, training, and/or monitoring of staff at Devereux Deerhaven;

q.      failing to properly vet and perform background evaluation of prospective hires;

r.      failing to provide adequate safety supervision and/or monitoring of residents at Devereux Deerhaven, including Jane Doe S.P.; and

s.      placing a dangerous individual in Devereux, causing an immediate hazard to Jane Doe S.P.

14

81. As a result of Defendants' conduct, Jane Doe S.P. suffered severe and traumatic personal injuries set forth above.

82. Defendants' actions and/or in-actions were substantial factors and/or factual causes of the harm suffered by Jane Doe S.P.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT II – NEGLIGENT SUPERVISION
### Plaintiff v. All Defendants

83. The previous paragraphs set forth above are incorporated herein by reference.

84. Defendants knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise counselors, staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents in their relationships with young children.

85. Defendants knew or should have known of the particular risk posed by Devereux staff members, including Eric Leite, based on, among other things, their inappropriate and/or questionable conduct, their history of sexually and/or physically and/or emotionally abusing children.

86. The negligence, carelessness, and/or recklessness of Defendants, for the conduct of their actual or apparent staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Devereux staff member, Eric Leite consists of one or more of the following:

15

a.  Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or counselor and/or teachers in the employ of Defendants;

b.  Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Devereux Staff Member, Eric Leite's relationship with Plaintiff; and

c.  Failing to investigate and supervise Devereux Staff Member, Eric Leite and his relationship with Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT III – NEGLIGENT HIRING AND RETENTION
### Plaintiff v. All Defendants

87.  The previous paragraphs set forth above are incorporated herein by reference.

88.  Defendants knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by Devereux staff member, Eric Leite that Plaintiff and other young children affiliated and/or associated with Devereux Deerhaven were vulnerable to and potential victims of sexual and/or physical and/or emotional abuse.

89.  Defendants also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by Devereux staff member, Eric Leite that the access to vulnerable youths, together with the trust and authority placed in staff and/or counselors and/or teachers, which makes working at a treatment and care facility for children and persons with disabilities an enticing profession for child abusers, and/or others seeking to abuse and exploit children.

16

90.     Defendants owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at Devereaux Deerhaven, and specifically a duty to be on high look out for possible abusers, and others seeking to exploit children.

91.     Defendants failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of Devereux staff member, Eric Leite as a staff member, teacher, employee, agent, servant, representative and/or ostensible/aided agent, among other things, the following:

    a.  Failing to conduct a thorough and proper background checks;

    b.  Failing to conduct a thorough and proper interview with Devereux staff member, Eric Leite;

    c.  Failing to use due care in the selection of Devereux staff member, Eric Leite as a staff and/or counselor and/or teacher rendering service(s) when standing *in loco parentis* and/or interacting with children;

    d.  Failing to use due care in the retention of Devereux staff member, Eric Leite as a staff and/or counselor and/or teacher rendering service(s) when standing *in loco parentis* and/or interacting with children;

    e.  Recklessly, negligently and/or carelessly failing to adequately check Devereux staff member, Eric Leite background, before hiring him/them as a staff and/or counselor and/or teacher rendering service(s) when standing *in loco parentis* and/or interacting with children; and

    f.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff and/or counselor and/or teachers for the possibility of being physical and/or emotional abusers.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive

of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT IV – GROSS NEGLIGENCE
### Plaintiff v. All Defendants

92. The previous paragraphs set forth above are incorporated herein by reference.

93. Defendants were grossly negligent under the facts as detailed within this Complaint in that these Defendants acted with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. All Defendants

94. The previous paragraphs set forth above are incorporated herein by reference.

95. At all times relevant and material hereto, the Defendants had a duty to exercise reasonable care to protect Plaintiff from harm while in its care.

96. Under New Jersey statutes and regulation, the Defendants owed Plaintiff an affirmative duty of care to ensure their safety and well-being and provide Plaintiff with adequate protection and medical care while in their care.

97.     Defendants had a contractual and fiduciary duty of care to Plaintiff while in their custody and control.

98.     Defendants breached their duties by failing to provide Plaintiff a safe environment and exposing her to sexually abusive conduct from which she suffered severe emotional injury.

99.     As a result of the Defendants breach of their duties owed to Plaintiff, she suffered severe emotional harm including, but is not limited to, horror, pain, anxiety, worry, shock, post-traumatic stress, grief, regret, humiliations, embarrassment, shame, feelings of powerlessness, anger aggression, fear and distrust of authority, severe stress, difficulty sleeping, nightmares, night sweats, depression, emotional withdrawal, , and difficulty coping with daily life. Plaintiff continues to struggle, cope, and attempt to heal from her emotional distress.

100.    Defendants' negligence is the proximate cause of Plaintiff's severe emotional distress and harm.

**WHEREFORE,** Plaintiff, demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### COUNT VI – BREACH OF FIDUCIARY DUTY
**Plaintiff v. All Defendants**

101.    The previous paragraphs set forth above are incorporated herein by reference.

102.    By virtue of their status as owners and/or supervisors of a juvenile residential care facility, Defendants bore a fiduciary relationship to plaintiff and other children and persons at Devereux Deerhaven.

103.    Defendants had a fiduciary duty to avoid harming children and to protect them from harm at the hands of staff members.

104.    At all relevant times, Defendants acted through their employees, agents, servants, representatives, and/or ostensible agents who hired, certified, assigned, retained, supervised, managed, oversaw, directed, administrated, and/or ratified the conduct of Eric Leite.

105.    Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

106.    Plaintiff suffered the above-averred harms and damages as a result of Defendants' breach of their fiduciary duty.

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and/or severally, in an amount in excess of the jurisdiction limitations for arbitration, exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY: _/s/ Larry Bendesky_____
   LARRY BENDESKY
   ROBERT ZIMMERMAN
   SAMUEL HAAZ
   ***Attorneys for Plaintiff***

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to <u>R</u>.4:25-4,  Samuel Haaz, Esquire, is hereby designated as plaintiff's trial counsel in the aforementioned litigation on behalf of the law.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Plaintiff hereby requests that Defendants answer all questions in Uniform Interrogatories Form C and C (2) as found in Appendix II of the Rules governing the Courts of the State of New Jersey within the time provided in accordance with Rule 4:17-4, *et seq*.  Plaintiff further requests that all parties supply copies of any and all answers to interrogatories which they have provided to other parties to this action. Please note that this is a continuing request.

## NOTICE PURSUANT TO RULE 1:7 1 (b)

PLEASE TAKE NOTICE that to the extent applicable, plaintiff may at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time unit basis, without reference to a specific sum.

## DEMAND FOR INSURANCE COVERAGE INFORMATION

PLEASE TAKE NOTICE that the plaintiff hereby requests that each of the defendants herein furnish information concerning the existence and contents of any and all insurance agreements (including, among others, primary, excess and/or umbrella coverage) under which any insurance company may or shall be liable to satisfy all or part of any judgment which may be entered in this action. This information shall include, name and address of insurance company,

policy number, effective dates of the policy, policy limits, excess coverage available thereunder, separate claim number (if applicable) and a legible copy of any and all declaration pages. This demand is pursuant to R. 4:10-2 and 4:17-1.

<u>**CERTIFICATION PURSUANT TO R. 4:5-1**</u>

I, Robert Zimmerman, Esquire, hereby certify that the facts contained in the within matter are not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief.  Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief.  If any of the statements made by me are willfully false, I am subject to punishment.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY: */s/ Larry Bendesky* _____

        LARRY BENDESKY
        ROBERT ZIMMERMAN
        SAMUEL HAAZ
        ***Attorneys for Plaintiff***

## <u>CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)</u>

I, Robert Zimmerman, Esquire, certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

### SALTZ MONGELUZZI & BENDESKY P.C.

BY: <u>*/s/ Larry Bendesky*</u>
      LARRY BENDESKY
      ROBERT ZIMMERMAN
      SAMUEL HAAZ
      ***Attorneys for Plaintiff***

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-004011-25

**Case Caption:** DOE JANE  VS DEVEREUX ADVANCED BE HAVIORAL

**Case Initiation Date:** 12/01/2025

**Attorney Name:** LARRY ERIC BENDESKY

**Firm Name:** SALTZ MONGELUZZI ET AL.

**Address:** 8000 SAGEMORE DR SUITE 8303

MARLTON NJ 08053

**Phone:** 8567518383

**Name of Party:** PLAINTIFF : Doe, Jane

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** SEX ABUSE JUV DTN FAC OP STATE OF NJ

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jane Doe?** YES
**Plaintiff's date of birth:** 08/03/1983
**Est. date of first incident of abuse:** 01/01/1998

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/01/2025</u>
Dated

<u>/s/ LARRY ERIC BENDESKY</u>
Signed

**SALTZ MONGELUZZI & BENDESKY P.C**.
LARRY BENDESKY
ROBERT ZIMMERMAN
SAMUEL HAAZ                                              ATTORNEYS FOR PLAINTIFF
ATTORNEY ID:  010511990 / 003952010 / 474032025
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
(856) 751-8383

| | |
|---|---|
| **JANE DOE S.P., an individual using a pseudonym**<br><br>v.<br><br>**DEVEREUX ADVANCED BEHAVIORAL HEALTH, DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW JERSEY, THE DEVEREUX FOUNDATION, DEVEREUX-DEERHAVEN, DOE DEFENDANTS (1-3), DOE INSTITUTION DEFENDANTS (1-3)** | **SUPERIOR COURT OF NEW JERSEY**<br>**CAMDEN COUNTY**<br>**LAW DIVISION**<br><br>**NO.  CAM-L-004011-25**<br><br><br>**CIVIL ACTION** |

## ENTRY OF APPEARANCE

Kindy enter my appearance as counsel for Plaintiff, Jane Doe, in the above referenced matter.

**SALTZ MONGELUZZI & BENDESKY P.C.**


BY: _/s/ Samuel A. Haaz_____
       LARRY BENDESKY
       ROBERT ZIMMERMAN
       SAMUEL HAAZ
       *Attorneys for Plaintiff*

JANE DOE S.P., AN INDIVIDUAL     Plaintiff
USING A PSEUDONYM
         vs.
DEVEREUX ADVANCED       Defendant
BEHAVIORAL HEALTH  et al

**Person to be served** (Name & Address):
DEVEREUX ADVANCED BEHAVIORAL HEALTH
444 DEVEREUX DR.
VILLANOVA, PA 19085

**Attorney:**
SALTZ MONGELUZZI & BENDESKY
One Liberty - 52nd Floor
1650 Market St
Philadelphia, PA 19103

Superior Court of New Jersey
Law Division
Camden County
Docket Number: CAM-L-4011-25

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully **X**     Not Served_____     Date: 12/9/2025      Time: 11:05 am      Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__**X**____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

KELLY EPSTEIN

ADMN/AUTHORIZED AGENT

**Description of Person Accepting Service:**

Sex: F      Age: 53     Height: 5'7     Weight: 145     Skin Color: WHITE      Hair Color: GRAY

**Unserved:**

(  ) Defendant is unknown at the address furnished by the attorney
(  ) All reasonable inquiries suggest defendant moved to an undetermined address
(  ) No such street in municipality
(  ) No response on: _____Date _____Time
                    _____Date _____Time

(  ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 10th day of December, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

I, Joshua Baum, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

_____  6/10/25
Signature of Process Server        Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2025012931
Ref: DOE/DEVEREUX

| | | |
|---|---|---|
| JANE DOE S.P., AN INDIVIDUAL USING A PSEUDONYM | Plaintiff | Superior Court of New Jersey<br>Law Division<br>Camden County<br>Docket Number: CAM-L-4011-25 |
| vs. | | |
| DEVEREUX ADVANCED BEHAVIORAL HEALTH  et al | Defendant | |

**Person to be served** (Name & Address):
THE DEVEREUX FOUNDATION
1515 BURNT MILL ROAD
CHERRY HILL, NJ 08003

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Attorney:**
SALTZ MONGELUZZI & BENDESKY
One Liberty - 52nd Floor
1650 Market St
Philadelphia, PA 19103

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__     Not Served_____     Date: 12/5/2025_____     Time: 1:47 pm_____     Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

JOSEPH MCELRATH_____

ADMIN CLERK/AUTHORIZED_____

**Description of Person Accepting Service:**

Sex: M___     Age: 55___     Height: 6'0___     Weight: 200___     Skin Color: WHITE_____     Hair Color: BROWN/BALD___

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
                     _____Date _____Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 8th day of December, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

I, Ed Lastowka, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

_____   12/8/25
Signature of Process Server          Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2025012933
Ref: DOE/DEVEREUX

JANE DOE S.P., AN INDIVIDUAL     Plaintiff
USING A PSEUDONYM
      vs.
DEVEREUX ADVANCED       Defendant
BEHAVIORAL HEALTH  et al

**Person to be served** (Name & Address):
DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW
JERSEY
444 DEVEREUX DRIVE
VILLANOVA, PA 19085

**Attorney:**
SALTZ MONGELUZZI & BENDESKY
One Liberty - 52nd Floor
1650 Market St
Philadelphia, PA 19103

Superior Court of New Jersey
Law Division
Camden County
Docket Number: CAM-L-4011-25

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__   Not Served_____   Date: _12/12/2025___   Time: _3:00 pm___   Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_KELLY EPSTEIN_____

_ADMIN/AUTHORIZED AGENT_____

**Description of Person Accepting Service:**

Sex: _F___   Age: _55___   Height: _5'7___   Weight: _150___   Skin Color: _WHITE_____   Hair Color: _GRAY_____

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
                 _____Date _____Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 15th day of December, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

I, Joshua Baum, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

_____  _12/15/25_
Signature of Process Server      Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2025013104
Ref: DOE/DEVEREUX